IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02457–WYD–KMT

DALE I. WILLIAMS,

Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General United States Postal Service (Western Area) Agency,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Plaintiff's "Motion to include the following parties as Joinder of Parties as Defendants in this civil action: Greg Christ-United States Postal Service. Keith Coleman-United States Postal Service. Jarman Smith-United States Postal Service. Julie Shaffer-United States Postal Service. Servo Garza-United States Postal Service. Alan Catlin-United States Postal Service. Jamie Osborn-United States Postal Service. Josh Fordham-United States Postal Service. Les Carruthers-United States Postal Service. Selwyn Epperson-United States Postal Service. Greg Penson-United States Postal Service" (Doc. No. 32 [Mot.], filed February 11, 2011). Defendant filed his response on February 25, 2011. (Doc. No. 45 [Resp.].)

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings,

the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In his initial Complaint, Plaintiff alleges race, sex, color, and age discrimination by his former employer, the United States Postal Service, in violation of Title VII, 42 U.S.C. § 2000e, *et seq*. (*See* Doc. No. 3.) Plaintiff now wishes to amend his complaint to join Greg Christ, Keith Coleman, Julie Shaffer, Servo Garza, Alan Catlin, Jamie Osborn, Josh Fordham, Les Carruthers, Selwyn Epperson, and Greg Penson, all employees of the United States Postal Service, as defendants to this action. (Mot.) Plaintiff asserts that these individuals "have been defendants to this action from the beginning of this EEOC case" and now should be joined as defendants in this action. (*Id.*) Plaintiff also asserts these individuals are "subject to a maximum of $300,000 each for their participation in the action they have taken against [him] and allowing a hostile work environment." (*Id.*)

In response, Defendant first argues that Plaintiff's attempt to join the additional defendants would be misjoinder and improper. (Resp., ¶ 4 [citing *Sparks v. Foster*, 2006 WL 446081, at *2 (D. Colo. Feb. 21, 2006)].) Defendant also argues that Plaintiff's efforts to join parties that he clearly may not bring a claim against would be futile. (Resp., ¶ 5.) Indeed, Title VII is the exclusive remedy for federal employment discrimination claims. *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976); *Wilder v. Marsh*, 940 F.2d 1539 (10th Cir. Aug. 1, 1991); *Owens v. United States*, 822 F.2d 408, 410 (3d Cir. 1987). The only proper defendant in such an action is the head of the agency or department in which the plaintiff is employed. 42 U.S.C. § 2000e-16(c). Thus, Patrick R. Donahoe, the Postmaster General, is the only proper

defendant in this action, and Plaintiff's attempt to join additional defendants is improper and would be futile.

Accordingly, this court respectfully

**RECOMMENDS** that Plaintiff's "Motion to include the following parties as Joinder of Parties as Defendants in this civil action: Greg Christ-United States Postal Service. Keith Coleman-United States Postal Service. Jarman Smith-United States Postal Service. Julie Shaffer-United States Postal Service. Servo Garza-United States Postal Service. Alan Catlin-United States Postal Service. Jamie Osborn-United States Postal Service. Josh Fordham-United States Postal Service. Les Carruthers-United States Postal Service. Selwyn Epperson-United States Postal Service. Greg Penson-United States Postal Service" (Doc. No. 32) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of March, 2011.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge