IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02457–WYD–KMT

DALE I. WILLIAMS,

      Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General United States Postal Service (Western Area) Agency,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ. P. 12(b)(6), Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)(2), and/or Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)" (Doc. No. 16 [Mot.], filed December 20, 2010). Plaintiff filed an untimely response on February 16, 2011 (Doc. No. 41 [Resp.]), and Defendant filed a reply on March 3, 2011 (Doc. No. 52 [Reply].) The motion is ripe for the court's ruling and recommendation.

## I.    *STATEMENT OF THE CASE*

      The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. Plaintiff alleges hostile work environment, failure to promote, and retaliation claims on the bases of race, sex, color, and age discrimination by his former employer, Defendant Donahoe, Postmaster General of the United States Postal Service

(USPS).  (*See* Title VII Compl. [Compl.].)  Plaintiff alleges he was forced to retire because of a hostile work environment, in which employees cussed at him and disobeyed his instructions. (*Id.* at 3.)  Plaintiff states he was forced to do both his job and the job of another supervisor for several months while the other supervisor was on stress-related leave.  (*Id.*)  Plaintiff alleges the duties assigned to him could not be done in an eight-hour day.  (*Id.* at 6.)  Plaintiff also alleges he was not promoted, despite his good reputation and technical expertise, because of retaliation. (*See id.* at 5, 7, 8, 10.)  Plaintiff seeks compensatory damages in the amount of $5,212,260.00. (*Id.* at 3–4, 14.)

Defendant seeks dismissal on the bases that (1) Plaintiff failed to exhaust his administrative remedies before filing suit; and (2) Plaintiff's Complaint fails to allege sufficient facts to support a race, color, and/or sex discrimination or hostile work environment claim under Title VII.  (Mot. at 8–15.)  In the alternative, Defendant request that Plaintiff's Complaint be stricken pursuant to Fed. R. Civ. P. 12(f)(2) and that Plaintiff be required to provide a more definite statement of his claims pursuant to Fed. R. Civ. P. 8 and 12(e).  (*Id.* at 15.)

## II.   *LEGAL STANDARDS*

### A.      **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se.*  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

2

"conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.    *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of

the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### C.       *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint

4

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*,129 S. Ct. at 1949

(citation omitted).

### III.    *ANALYSIS*

#### A.    *Age Discrimination and Retaliation Claims*

At the outset, this court notes that, construing the *pro se* plaintiff's Complaint liberally,

as it must, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff appears to be

asserting age discrimination claims, as well as Title VII claims.  (*See* Compl. at 2, ¶ 9; 3, ¶ 1.)

Plaintiff also appears to be asserting a retaliation claim.  (*See* Compl. at 5, 18, 20.)

"Plaintiff's claim of discrimination based on [his] age is not cognizable under Title VII of

the Civil Rights Act of 1964.  Age is not a protected class under Title VII."  *DePayan v. Wend-*

*Rockies, Inc.*, No. 07-cv-02520-LTB-MEH, 2008 WL 2168780, at *4 (D. Colo. May 21,

2008)(citing 42 U.S.C. § 2000e-2).  Plaintiff's age discrimination claims are properly brought

under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, which

"broadly prohibits arbitrary discrimination in the workplace based on age."  *Lorillard v. Pons*,

434 U.S. 575, 577 (1978) (citing 29 U.S.C. § 623(a)).

Defendant has not moved to dismiss, and has failed otherwise to address, Plaintiff's age

discrimination and retaliation claims.  (*See* Mot.)  However, the Court must *sua sponte* dismiss

claims over which it lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3).  Moreover, the Court may *sua*

*sponte* dismiss claims if it determines the action fails to state a claim on which relief may be

granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's age discrimination and retaliation claims will

be analyzed in this context.

### B.        *Failure to Exhaust Administrative Remedies*

Defendant first argues that Plaintiff's Complaint should be dismissed for his failure to exhaust his administrative remedies prior to filing suit.  (Mot. at 8–10.)

Prior to filing a federal lawsuit asserting violations of Title VII or the ADEA, a plaintiff must exhaust his administrative remedies by pursuing a charge with the Equal Employment Opportunity Commission ("EEOC") or the equal employment opportunity office of the federal agency which employs him.  *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir.1996).  The exhaustion of remedies requirement applies to both private and federal government employees.  *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).  Exhaustion of remedies is a jurisdictional prerequisite to a suit under Title VII and the ADEA.  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). "Federal courts do not have subject-matter jurisdiction to review Title VII and ADEA claims not exhausted administratively."  *Smith v. Potter*, 252 F. App'x 224, 227 (10th Cir. 2007).  Accordingly, failure to exhaust available remedies is properly raised in a Fed. R.Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.  *Shikles*, 426 F.3d at 1317.

To exhaust his administrative remedies, a plaintiff generally must present his claim to the Equal Opportunity Employment Commission (EEOC) and receive a right-to-sue letter based on that charge.  *Simms v. Okla. ex rel. Dept. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The requirement to present claims in an EEOC or state agency charge as a prerequisite to bringing suit serves the dual purposes of ensuring the administrative agency has the opportunity to investigate and conciliate the claims and of providing notice to the

7

charged party of the claims against it.  *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799

(10th Cir. 1997), *abrogated on other grounds*; *Bland v. Kansas City, Kan., Cmty. Coll.*, 271 F.

Supp. 2d 1280, 1283 (D. Kan. 2003).

Special regulations govern the filing discrimination claims by federal government

employees.  29 C.F.R., Part 1614.  A federal employee may file a civil action under the

following circumstances:

> A complainant who has filed an individual complaint . . . is authorized under title
> VII [or] the ADEA . . . to file a civil action in an appropriate United States
> District Court:
> (a) Within 90 days of receipt of the final action on an individual or class
> complaint if no appeal has been filed;
> (b) After 180 days from the date of filing an individual or class complaint if an
> appeal has not been filed and final action has not been taken;
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
> (d) After 180 days from the date of filing an appeal with the Commission if there
> has been no final decision by the Commission.

*Id.* at § 1614.407.

Under subparts (a) and (b), the plaintiff could have filed his claims in this Court within

90 days of the USPS's final action if no appeal had been filed, or after 180 days of filing the

EEO Complaint of Discrimination if no appeal had been filed and the agency had not taken final

action.  However, because he filed an appeal of the agency's decision, subparts (a) and (b) do not

provide the plaintiff with authority for asserting his claims in this Court.

Under subpart (d), the plaintiff could have filed his claims in this Court after 180 days

from the date of filing his appeal with the EEOC if there had been no final decision by the

Commission.  It is unclear on what date Plaintiff appealed the agency's decision to the EEOC.

However, subpart (d) makes it clear that Plaintiff must have filed his claims after 180 days from

that date but <u>before</u> the EEOC issued its final decision on July 28, 2010.  Plaintiff did not file his

Complaint in this Court until October 8, 2010.  Thus, subpart (d) does not provide the plaintiff

with authority for asserting his claims in this Court.

Finally, under subpart (c), the plaintiff could have filed his discrimination claims in this

Court within 90 days of receiving the EEOC's final decision.  The EEOC issued its final

decision on July 28, 2010.  Compl. at 16–24.  Though Defendant argues the "intervening OFO

decision [remanding the case for further administrative processing] did not constitute a final

agency decision" (Mot. at 9), the regulations provide that "[a] decision [of the EEOC in an

administrative appeal] is final within the meaning of Section 1614.407 unless the Commission

reconsiders the case.  A party may request reconsideration within 30 days of receipt of a decision

of the Commission . . . ."  29 C.F.R. § 1614.405(b).  Here, neither party requested

reconsideration by the EEOC, and, as such, the EEOC's decision on appeal is final.  Allowing

five days for Plaintiff to have received the EEOC's decision[1], Plaintiff must have filed his civil

---

[1]The EEOC has held that for timeliness purposes there is a presumption of receipt of a document within five days of mailing as set forth in a certificate of service.  *See Moton v. Potter*, EEOC Doc. No. 0120070600, 2007 WL 956617 (E.E.O.C. Mar. 21, 2007) (time frame for receipt of decision was five days from the date of mailing per the certificate of service and 15 day deadline to file a formal complaint began to run from that date); *Lind v. Potter*, EEOC Doc. 05A60995, 2006 WL 2851525 (E.E.O.C. Sept. 27, 2006) (time frame for receipt of decision was five days from the date of mailing per the certificate of service, and 30 day deadline to file motion for reconsideration began to run from that date).  In this case, the Certificate of Mailing also was dated July 28, 2010.  (Compl. at 24.)

action on or November 1, 2010[2].  Under subpart (c), Plaintiff's claims were filed timely in this

Court on October 18, 2010.  Accordingly, this court declines to recommend dismissal of

Plaintiff's claims on the basis of failure to exhaust administrative remedies.

### C.      Failure to State a Claim upon Which Relief Can Be Granted

Defendant argues that Plaintiff's Complaint fails to allege sufficient facts to support a

race, color, and/or sex discrimination and hostile work environment claim.  (Mot. at 10–14.)

Under Title VII, it is "an unlawful employment practice for an employer . . . to

discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national

origin."  42 U.S.C. § 2000e-2(a)(1).  A disparate treatment analysis is applied to claims alleging

the employer simply treats some people less favorably than others because of their race, color,

religion, sex, or national origin.  *Williams v. Potter*, 331 F. Supp. 2d 1331, 1342 (D. Kan. 2004.)

In a Title VII disparate treatment case, to make a *prima facie* case of racial

discrimination, a plaintiff must show "(i) that he belongs to a racial minority; (ii) that he applied

and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his

qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and

the employer continued to seek applicants from persons of complainant's qualifications."

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  The *prima facie* elements set

forth in *McDonnell Douglas* also apply to sex discrimination cases.  *See Piercy v. Maketa*, 480

---

[2]The actual deadline actually fell on Sunday, October 31, 2010.  However, because the
deadline fell on Sunday, it was extended to the next business day.  29 C.F.R.§ 1614.604(d).

F.3d 1192, 1203 (10th Cir. 2007) (applying *McDonnell Douglas* framework to sex discrimination claim).  Additionally, to make a *prima facie* case of sex discrimination, a plaintiff must show "that []he applied for an available position for which []he was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Tex. Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 252–56 (1981).

The *McDonnell Douglas* presumption is that, unless otherwise explained, discrimination is more likely than not the reason for the challenged decision.  *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992).  As a result, while "[f]or most plaintiffs, establishing a *prima facie* case is perfunctory, and liability turns on whether the defendant's stated explanation for the adverse employment action is pretextual," that is not necessarily true in reverse discrimination cases.  *Argo v. Blue Cross and Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006). Instead, "because the presumptions in Title VII analysis that are valid when a plaintiff belongs to a disfavored group are not necessarily justified when the plaintiff is a member of an historically favored group," *Notari*, 971 F.2d at 589 (quotation marks omitted), a reverse-discrimination claimant must make a "stronger showing" of a *prima facie* case of discrimination.  *Argo*, 452 F.3d at 1201.  A plaintiff alleging reverse discrimination claim " 'must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the minority.' " *Argo* at 1201 (quoting *Notari,* 971 F.2d at 589).  "Alternatively, a plaintiff may produce facts 'sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred.' " *Argo* at 1201 (quoting *Notari* at 590).

11

Defendant acknowledges that in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the United States Supreme Court held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination." *Swierkiewicz*, 534 U.S. at 508. Defendant nevertheless argues that Plaintiff has failed to allege sufficient facts to state his claims under Title VII. (Mot. at 11.) In *Swierkiewicz*, the Supreme Court explained that the *prima facie* case under *McDonnell Douglas* is an evidentiary standard rather than a pleading requirement. 534 U.S. at 508. Thus, a complaint asserting Title VII claims need only contain a short statement of the claim showing that the pleader is entitled to relief" and must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Swierkiewicz*, 534 U.S. at 508 (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Because under *Notari* the first element of the traditional *prima facie* formula set forth in *McDonnell Douglas* (that the plaintiff belongs to a protected group) is replaced for the purposes of alleging a reverse-discrimination claim, this court finds that the Supreme Court's holding in *Swierkiewicz* is controlling in this context as well. Therefore, as in *Swierkiewicz*, Plaintiff need not plead specific facts regarding this element for his reverse-discrimination claims.

In *Swierkiewicz*, the Court held that the petitioner's complaint easily satisfied the requirements of Fed. R. Civ. P. 8(a)(2) because it gave the respondent fair notice of the bases for the claims. *Swierkiewicz*, 534 U.S. at 514. In finding the complaint adequate, the Court observed that it included the statutory grounds for the claim, "events leading to [the complainant's]

12

termination . . . , relevant dates, and . . . ages and nationalities of at least some of the relevant persons involved with [the] termination." *Id.*

The elements of a *prima facie* discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570)[3]. *See also Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) (*Swierkiewicz* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim).

Thus, this court analyzes each of Plaintiff's claims below to determine if they meet the pleading requirements and provide Defendant with sufficient notice and factual matter to state plausible claims.

### i.   *Race, Sex and Age Discrimination Claims*

Plaintiff asserts claims for race, sex and age discrimination, stating the defendants "have caused the claims of discrimination for race (Caucasian) sex (male) color (white) age (60)." (Compl. at 3.)  Defendant argues Plaintiff has failed to state a viable claim of sex discrimination. Defendant first argues that Plaintiff has failed to state any facts regarding "background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against" men, as is required to satisfy the first *prima facie* element under

---

[3]In *Twombly*, the Supreme Court reaffirmed the holding of *Swierkiewicz*. *See Twombly*, 550 U.S. at 569–70 (discussing *Swierkiewicz*'s holding that a plaintiff is not required to establish a *prima facie* case of discrimination to survive a Rule 12(b)(6) motion and emphasizing that *Swierkiewicz* remains good law.)

*Notari.* (Mot. at 12 [quoting *Notari*, 971 F.2d at 589].)  As stated *supra*, Plaintiff need not plead specific facts regarding this element to survive a Rule 12(b)(6) motion.  However, even assuming Plaintiff is able to establish this element at a later time, the court finds plaintiff has failed to allege facts sufficient to maintain a claim for claims for race, sex and age discrimination.

The Tenth Circuit has interpreted the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, *supra*, as middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.' "  *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  Thus, "plausibility" means that the "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Id.*

The purpose of a plausibility requirement is "not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."  *Robbins v. Oklahoma*, 519 F.3d at 1244.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556 n.3).  In *Twombly,* the Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies."  550 U.S. at 565 n.10.

14

Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Id.*

Regarding his sex, race, and age claims, the only allegation made by Plaintiff is contained in the first sentence of his first claim for relief where he makes the conclusory allegation that the defendants "have caused the claims of discrimination for race (Caucasian) sex (male) color (white) age (60)." (Compl. at 3.)  The only additional fact that could possibly relate to a race claim is that Plaintiff's supervisor allowed a black man to "get away with" threatening Plaintiff because his supervisor is also black. (*Id.* at 9.)  The Tenth Circuit has held that more than a few isolated incidents of racial enmity are necessary to prevail on such a claim. *See Bolden v. PRC*, Inc., 43 F.3d 545, 550 (10th Cir. 1994).

Here, the complaint is entirely devoid of factual allegations to support an inference that Plaintiff's termination was in any way because of or due to his race, gender or age.  As a result, Plaintiff's Complaint fails to assert sufficient factual allegations to apprise or inform the defendant "of the actual grounds of the claim against [it]." *Robbins v. Oklahoma*, 519 F.3d at 1244. *See e.g. Sprague v. Kasa Indus. Controls, Inc.*, 250 F.R.D. 630, 633–34 (D. Kan. 2008) (dismissing an ADEA discrimination claim under Fed. R. Civ. P. 12(b)(6) when the only supporting allegations were that the plaintiff was fifty-six years old at the time of her termination, the defendant terminated her because of her age, certain representatives of defendant were aware of her age, and she suffered damages); *DeAcosta v. Black Hawk/Jacobs Entertainment, LLC*, No. 10-cv-02080-LTB-BNB, 2011 WL 588218, at *2 (plaintiff's allegations that she was subjected to offensive comments regarding her age were insufficient to

15

state an ADEA claim; *Markham v. Salina Concrete Products, Inc.*, No. 10-1104-JTM, 2010 WL 5093769, at * 4 (D. Kan. Dec. 8, 2010)(plaintiff's allegations supporting his ADEA claim–that he was in the protected age group and that two other younger employees were not terminated–were insufficient as they merely recited the elements of the cause of action).

   **ii.**  ***Retaliation Claims***

   Title VII makes it an unlawful employment practice for an employer "to discriminate against any of [its] employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter."  42 U.S.C. § 2000e-3(a).  To state a *prima facie* case of retaliation, a plaintiff must show (1) that he engaged in protected opposition to discrimination; (2) that his employer took an adverse employment action against him subsequent to or after the protected activity; and (3) there is causal connection between protected activity and the adverse action.  *Medina v. Income Support Div., N.M.*, 413 F.3d 1131, 1135-36 (10th Cir. 2005).

   Plaintiff alleges he was retaliated against by the postmaster, Keith Coleman, who cancelled a higher level job assignment, because Plaintiff asked to be paid "T-time" (additional supervisor straight time) for all of the hours he worked.  (*See* Compl. at 5, 18, 20.)  Plaintiff contends that he was forced by Coleman to perform an audit of a female employee who "was not doing her job and disappearing for days & hours of work . . . ."  (*Id.* at 8.)  Plaintiff alleges this female employee had previously accused him of sexual harassment, and he told Coleman he did not think it was good idea to do the audit.  (*Id.*)  Plaintiff alleges Coleman's response to him was, "Be careful."  (*Id.*)  The Decision issued by the EEOC on Plaintiff's appeal of the Final Agency Decision states:

> [Complainant] states that Plaintiff improperly forced him to forgo "T-time" in order to get a higher level detail and then terminated the detail after a few days on a clearly unsubstantiated charge of sexual harassment that was provoked by an action against [an] employee that the Postmaster, himself, ordered.

(Compl. at 20.[4])  The Decision also reflects that Plaintiff alleged "he was retaliated against for his prior EEO activity" by not being interviewed for several promotions.  (*Id.* at 17, ¶ 6.)

Taken in its entirety, Plaintiff's Complaint alleges sufficient facts to state a claim for retaliation.  It appears Plaintiff participated in "prior EEO activity" while he was a USPS employee.  (*Id.* at 20.)  Plaintiff also states he was extensively involved in "filing class action after class action and winning 98% of all grievances" he filed against "the overbearing managers of the Postal Service."  (*Id.* at 9.)  Whether Plaintiff filed a formal complaint or made an informal complaint, any employee who opposes discrimination or participates in Title VII's process is protected.  42 U.S.C. § 2000e-3(a); *see Proctor v. United Parcel Service*, 502 F.3d 1200, 1208 (10th Cir. 2007) (indicating that filing an EEOC claim is a protected activity, as a matter of law); *see also Somoza v. Univ. of Denver*, 513 F.3d 1206, 1213 (citing *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004) (informal complaints of discrimination to one's superiors may also constitute protected activity).  Plaintiff also alleges he was retaliated against by not being promoted and by being forced to retire as a result of the alleged protected activity.  To show a causal connection, Plaintiff must show "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action."  *Burrus v.*

---

[4]A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.  Fed. R. Civ. P. 10(c); *Hall*, 935 F.2d at 1112.

*United Tel. Co. of Kan., Inc.*, 683 F.2d 339, 343 (10th Cir. 1982).  *See also Candelaria v. EG& G Energy Measurements, Inc.*, 33 F.3d 1259, 1261–62 (10th Cir. 1994).  Though it is uncertain whether Plaintiff can sustain this burden at the summary judgment state, as the issue is before the court on a Rule 12(b)(6) motion, the court finds Plaintiff states sufficient facts to withstand a motion to dismiss.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that  "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ. P. 12(b)(6), Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)(2), and/or Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)" (Doc. No. 16) be GRANTED in part and DENIED in part as follows:

1. Defendant's motion to dismiss on the basis of Plaintiff's failure to exhaust his administrative remedies should be DENIED;

2. Defendants' motion to dismiss Plaintiff's race and sex discrimination claims should be GRANTED;

3. Plaintiff's age discrimination claims should be dismissed; and

4. Plaintiff's retaliation claim should be set for further proceedings.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

18

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

     Dated this 14th day of March, 2011.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge