UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02457-WYD-KMT

DALE I. WILLIAMS,

       Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General United States Postal Service (Western Area) Agency,

       Defendant.
_____

**ORDER ON RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**
_____

I.      <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ. P. 12(b)(6), Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)(2), and/or Motion for A More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (Doc. No. 16), which was filed on December 20, 2010. This matter was referred to Magistrate Judge Tafoya for Recommendation by Order of Reference dated December 20, 2010 (Doc. No. 17).

Magistrate Judge Tafoya issued a Recommendation on March 14, 2011 (Doc. No. 59), which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends that Defendant's Motions be GRANTED in part and DENIED in part. (Rec. at 18). Specifically, Magistrate Judge Tafoya recommends that (1) Defendant's motion to dismiss on the basis of Plaintiff's

failure to exhaust his administrative remedies should be denied; (2) Defendant's motion to dismiss Plaintiff's race and sex discrimination claims should be granted; (3) Plaintiff's age discrimination claims should be dismissed; and (4) Plaintiff's retaliation claim should be set for further proceedings.[1] *Id.*

Magistrate Judge Tafoya advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation. (Rec. at 18-20). On March 23, 2011, Plaintiff filed his Objection. (Doc. No. 64). On March 28, 2011, Defendant's Partial Objection to the Recommendation of United States Magistrate Judge (Doc. No. 65) was filed. As the nature of this matter is dispositive; it necessitates a *de novo* determination as to the specific objections submitted by the parties. *See* Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

II.   BACKGROUND

Plaintiff filed his *pro se* complaint on October 9, 2010 (Doc. No. 3). In his complaint, Plaintiff alleges Defendant Donahoe, Postmaster General of the United States Postal Service (USPS) subjected him to a hostile work environment, failed to promote him based on age, race, and sex discrimination as well as retaliatory motives. (Compl. at p. 3 ¶ 1). Plaintiff further alleges the hostile work environment forced him to retire at the age of 60 years instead of 65 years, thereby depriving him of additional retirement income. (Compl. at p. 3 ¶ 3 and p. 4 ¶1).

---

[1] Magistrate Judge Tafoya does not make a recommendation as to Plaintiff's hostile work environment claim. Based on a careful review of the file, notwithstanding there are no objections on the record as to this omission. I find Plaintiff has not alleged sufficient facts to support his claim for hostile work environment based on age, race or sex.

Defendant seeks to dismiss this matter on the basis that Plaintiff (1) failed to exhaust administrative remedies; (2) failed to allege sufficient facts to support his claims; and (3) in the alternative, Defendant requests the Plaintiff's Complaint be stricken pursuant to Fed. R. Civ. P. 12(f)(2) and/or that Plaintiff be required to provide a more definite statement of his claims pursuant to Fed. R. Civ. P. 8, and 12(e).

As a preliminary matter, I note that it was difficult to determine the nature of Plaintiff's objections to Magistrate Judge Tafoya's Recommendation. Similar to the notice requirements for a complaint, an objection must specifically identify the findings and/or recommendations, to which objections are being made in order to preserve an issue for *de novo* review. *See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) (citing *In re Griego*, 64 F.3d 580, 583 (10th Cir.1995) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review.")) Plaintiff's Objection consists of repeated factual allegations, a general rehashing of his discrimination claim, and two hundred and thirty pages of attachments forming a single exhibit.

Notwithstanding, the unconventional nature of Plaintiff's objections, I will engage in a *de novo* review to the extent I can ascertain the basis for the objections. "*De novo* review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted). Therefore, I will consider the record which has been developed before Magistrate Judge Tafoya and make my determination on the basis of that record, acknowledging that I am not bound to adopt the findings and or conclusions of the Recommendation. *U.S. v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 2412, 65 L. Ed.

2d 424 (1980).

IV.   STANDARD OF REVIEW

    A.   Rule 12(b)(6) Standard

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. 544, 570). The Tenth Circuit interpreted the scope of plausiblity by noting that "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). As such, Plaintiff must allege sufficiently plausible facts that if taken to be true, state a valid claim for relief.

    B.   *Pro se* Plaintiff

Acknowledging Plaintiff is proceeding *pro se*, this Court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). Nonetheless, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Furthermore, this Court

cannot assume that Plaintiff "can prove facts which he has not alleged [n]or that the defendant[ ] [has] violated the...laws in ways that have not been alleged." *RSM Prod. Corp. v. Petroleos de Venezuela Societa Anonima*, 338 F. Supp. 2d 1208, 1211 (D. Colo. 2004) (quoting *Assoc. Gen'l Contractors v. Calif. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 916, 74 L.Ed.2d 723 (1983)); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.")

V.     ANALYSIS

In her Recommendation, Magistrate Judge Tafoya concluded that "taken in its entirety, Plaintiff has alleged facts sufficient to state a claim for retaliation." (Rec. at 17). The Magistrate Judge concluded that Plaintiff sufficiently alleged facts to support that the claim that he was retaliated against by not being promoted, and being forced to retire from his employment as a result of the alleged protected activity. *Id.*

Title VII establishes that it is an unlawful employment practice for an employer "to discriminate against any of [its] employees...because he has opposed any practice made an unlawful employment practice by this subchapter."  42 U.S.C. § 2000e-3(a).  "To establish a *prima facie* case of retaliation, a plaintiff must prove that (1) he engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Olivarez v. Centura Health Corp.*, 203 F. Supp. 2d 1218, 1227 (D. Colo. 2002), citing *O'Neal v. Ferguson Construction Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001) (internal quotation marks omitted).

Defendant objects to Magistrate Judge Tafoya's Recommendation on the basis that "Plaintiff has not alleged sufficient facts to plausibly show that he engaged in protected opposition to discrimination." (Def.'s Obj. at 5).

As a preliminary matter, it is obvious that Plaintiff did participate in a protected activity under Title VII when he filed his formal complaint with the EEOC. The Tenth Circuit has indicated that filing an EEOC claim is a protected activity as a matter of law. *Proctor v. United Parcel Service*, 513 F.3d 1206, 1213 (10th Cir. 2007). Unfortunately, the filing that resulted in this case happened in November 2007 and none of the employment events discussed in the Complaint happened after that time. (Compl. at 16). Consequently, there could be no retaliatory actions for that filing.

The issue thus becomes whether Plaintiff has alleged sufficient facts to plausibly show that he engaged in protected opposition to discrimination that could have resulted in actionable retaliation. The Recommendation noted that the Decision issued by the Equal Employment Opportunity Commission ("EEOC") which is attached to the complaint refers to Plaintiff's "prior EEO activity" but that is just recitation of Plaintiff's allegations. (Rec. at 17 quoting Comp. at 17, ¶ 6).[2] Similarly, the EEOC decision contains another reference to Plaintiff's "earlier action through the EEO process." (Comp. at 20.) That sentence in the EEOC decision begins "Complainant also argues[.]" *Id.* Consequently, that reference also refers to an allegation made by Plaintiff rather a finding by the Appeal Officer. As discussed previously, conclusory allegations do not state a claim and in any event, there

---

[2] A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal. Fed. R. Civ. P. 10(c); *Hall*, 935 F.2d at 1112.

are no statements in the Complaint referring to any EEO activity other than the November 7, 2007 filing.

Defendant objects to the Recommendation to the extent it indicates that the retaliation claim is supported by Plaintiff's involvement in an IRS investigation and audit of a co-worker's performance at the Defendant's request. Neither of those incidents involved 'protected opposition to discrimination.'

Ultimately it appears that the Recommendation proposes allowing the retaliation claim to go forward because "[i]t appears Plaintiff participated in 'prior EEO activity' while he was a USPS employee." (Rec. at 17). While it is certainly true that Plaintiff has stated a plausible claim of retaliation, there is nothing to connect it to any EEO activity or any protected opposition to discrimination. In fact, Plaintiff has not alleged facts to support a *prima facie* case of retaliation *based on protected activity under Title IV.*

Returning to the language of the complaint, Plaintiff alleges that the accusation of sexual harassment made against him was in retaliation for the investigation he did, under orders, against another employee. (Comp. at 7). This is not actionable retaliation because there is nothing to tie it to an improper reason such as race, sex or age. On page 10 of his Complaint, Plaintiff refers to his technical expertise and vast experience in postal matters and yet states that after he did some troubleshooting for the Denver Postmaster, "He didn't want to pay me for all my hours worked. . .I am sure he wasn't ever going to let me get promoted as a manger in any of his Denver stations." Again, there is nothing to tie that to any improper purpose. From what Plaintiff alleges, the treatment could have been for any reason – because he was too slow, he talked too much or even that the Postmaster just didn't like him. There is nothing to indicate that the Postmaster was discriminating against

him because of his race, sex or age.

Similarly, when he speaks about an individual who came into an office as an acting manager and destroyed files Plaintiff had accumulated as supervisor, Plaintiff states "I was also friends with [an individual] who was a higher level manager then [sic] he was and he always hated that." Again, that is not legally impermissible. (Comp. at 11).

In further examining the complaint for allegations in support of actionable retaliation, I find the following. "I started with the Post Office in June 1969 and became a Union officer in 1971. I was studying law in college and became very interested in labor law and I used what I was learning against my overbearing managers of the postal service filing class action after class action and winning 98% of all grievances!" (Comp. at 9). Similar statements are made a few pages farther on. "I was very thorough in attacking the postal service in Denver and still hold the record of 26 Step 2 grievances in one day. I won over 98% of my grievances and this is why I was promoted because I was costing them money." (Comp. at 13.)

Clearly Plaintiff was a prolific complaint filer before he was promoted to management but he gives absolutely no indications what these complaints were about. Even if those early actions were protected activities, Plaintiff believes that they resulted in his being promoted to management. He says nothing that indicates he engaged in protected activities after that promotion, which apparently occurred in the mid 1980's. Instead, he strongly indicates that he accumulated a great number of people who disliked him for various reasons having nothing to do with discrimination.

I agree and find no error with Magistrate Judge Tafoya's well-reasoned conclusion that Plaintiff's discrimination claims based on age, race, and sex are mere conclusory

allegations, devoid of any factual allegations to support an inference that Plaintiff's suffered any damages because of his age, race or gender.  Accordingly, Plaintiff's discrimination claims are dismissed for failure to allege sufficient facts to state a claim upon which relief may be granted.

I also find the same is true of Plaintiff's retaliation claim. Despite the Recommendation's apparent desire to give Plaintiff another chance to state a claim of retaliation based on protected activity, I find that Plaintiff has already given us a exhaustive history of his employment which fails to give any support to his claims of discrimination except for conclusory allegations

VI.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Tafoya (Doc. No. 59) is **AFFIRMED in part** and **REJECTED in part**.

In accordance therewith, it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. No. 16) is **GRANTED** and Plaintiff's claims are **DISMISSED**.

Dated:  June 29, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge